**ROYAL PACKING CO. v. COMMISSIONER OF INTERNAL REVENUE.**

Circuit Court of Appeals, Ninth Circuit.
October 31, 1927.

No. 5103.

1. **Internal revenue ⬤⇒7(19)—Income taxpayer cannot deduct for loss because stock in corporation, in light of subsequent developments, appears to have been worthless during year in question (Revenue Act 1918, § 234 [a] [4], being Comp. St. § 6336⅛pp).**

Under Revenue Act 1918, § 234 (a) (4), being Comp. St. § 6336⅛pp, providing that, in computing net income of corporation subject to tax, there shall be allowed as deductions losses sustained during taxable year and not compensated for by insurance or otherwise, taxpayer is not entitled to deduct for loss sustained upon stock owned in another corporation, merely because stock may have subsequently become worthless or because, in light only of subsequent developments, it appeared to have been inherently worthless during year in question.

2. **Internal revenue ⬤⇒7(19)—Deduction from income tax of corporation for loss sustained cannot be claimed for mere shrinkage in value of stock in another corporation (Revenue Act 1918, § 234 [a] [4], being Comp. St. § 6336⅛pp).**

Under Revenue Act 1918, § 234 (a) (4), being Comp. St. § 6336⅛pp, providing that in computing net income of corporation subject to tax there shall be allowed as deductions losses sustained during taxable year and not compensated for by insurance or otherwise, deduction cannot be claimed for mere shrinkage in value of stock in another corporation.

3. **Internal revenue ⬤⇒7(19)—Loss may be said to be sustained in given year within income tax statute if within that year it reasonably appeared that stock in corporation became worthless; "during the taxable year" (Revenue Act 1918, § 234 [a] [4], being Comp. St. § 6336⅛pp).**

Under Revenue Act 1918, § 234 (a) (4), being Comp. St. 6336⅛pp, providing that in computing net income of corporation subject to tax there shall be allowed as deductions losses sustained "during the taxable year" and not compensated for by insurance or otherwise, a loss may be said to be actually sustained in a given year if within that year it reasonably appears that stock in another corporation has in fact become worthless.

4. **Internal revenue ⬤⇒7(19)—Taxpayer need not charge off corporate stock as worthless to have sustained loss within year under income tax statute (Revenue Act of 1918, § 234 [a] [4], being Comp. St. § 6336⅛pp).**

Under Revenue Act 1918, § 234 (a) (4), being Comp. St. § 6336⅛pp, providing that, in computing net income of corporation subject to tax, there shall be allowed as deductions losses sustained during taxable year and not compensated for by insurance or otherwise, taxpayer need not charge off stock in another corporation as worthless on books to have sustained loss within year, and fact of worthlessness of stock may be shown by circumstances.

5. **Internal revenue ⬤⇒25—Burden is on taxpayer to establish loss sustained during taxable year under income tax statute (Revenue Act 1918, § 234 [a] [4], being Comp. St. § 6336⅛pp).**

Burden is on taxpayer to establish fact of loss sustained during taxable year under Revenue Act 1918, § 234 (a) (4), being Comp. St. § 6336⅛pp, by reasonably convincing evidence, in view of Revenue Act 1924, § 900 (h), being 26 USCA § 1219 (Comp. St. § 6371⅝b), and rule 20 of Board promulgated thereunder, and section 907(a) of Act 1924, added by Revenue Act 1926, § 1000 (26 USCA § 1219[a], and rule 30 of Board thereunder, and Committee Report, Senate Report No. 52, 69th Cong. 1st Sess. p. 36.

6. **Internal revenue ⬤⇒25—Where vital parts of Board of Tax Appeals' decision that taxpayer was liable for deficiency income and profits taxes were inconsistent, justice required reversal and remand for rehearing (Revenue Act 1926, § 1003 [b], being 26 USCA § 1226).**

Where, on taxpayer's appeal from Commissioner's determination of deficiency in income

and profits taxes for certain year, decision of United States Board of Tax Appeals, holding taxpayer liable for deficiency caused by deducting loss for stock of corporation that failed, stated that evidence showed that corporation became insolvent and ceased to function within taxable year and further stated that there was no convincing evidence that any loss was sustained in taxable year, findings were inconsistent, and justice required reversal and remand for rehearing under Revenue Act 1926, § 1003 (b), being 26 USCA § 1226, and Senate Committee Report, Senate Report No. 52, 69th Cong. 1st Sess. p. 36.

In Error to the United States Board of Tax Appeals.

The Commissioner of Internal Revenue determined the existence of a deficiency in income and profits taxes returned by the Royal Packing Company, a corporation, for fiscal year ended January 31, 1919. On appeal, the United States Board of Tax Appeals held the taxpayer liable for the deficiency tax, and it brings error. Reversed and remanded.

Dan J. Chapin, of Los Angeles, Cal., for plaintiff in error.

Mabel Walker Willebrandt, Asst. Atty. Gen., and A. W. Gregg, Gen. Counsel, Bureau of Internal Revenue, and A. Geo. Bouchard, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C. (Thos. P. Dudley, Jr., Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., of counsel), for defendant in error.

Before HUNT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. This is a writ of error brought to review a decision of the United States Board of Tax Appeals in which the Board held the plaintiff liable in the sum of $9,792.85, for a deficiency tax for the fiscal year ending January 31, 1919. The only question is whether, in computing the tax for that year, the taxpayer was entitled to a deduction of $15,000 for loss alleged to have been sustained upon stock it owned in the Universal Packing Company. After a hearing, the Board entered the following record:

"This proceeding is an appeal from the Commissioner's determination of a deficiency in income and profits taxes for the fiscal year ended January 31, 1919, in the amount of $9,792.85. It arises from the refusal of the Commissioner to allow petitioner's deduction of an alleged loss of $15,000, occasioned by the failure of a corporation in which the petitioner was a stockholder.

"Findings of Fact.

"The petitioner is a corporation engaged in the packing business at Los Angeles, Cal. Prior to April 1, 1918, it invested $10,000 in the common stock of the Universal Packing Company of Fresno, Cal., a corporation organized in 1916. The first purchase of its stock was made by the petitioner on November 25, 1916. This was paid for by the company's check for $2,500. Other purchases of stock were made April 26, June 16, and July 24, 1917, respectively, for which the total amount of $7,500 was paid. In January or February, 1918, petitioner's president learned that the Universal Packing Company was short of funds. He thereupon arranged to purchase for his company additional common stock of the par value of $5,000, and payment therefor was made by the petitioner on March 29, 1918. This last purchase was made for the protection of the prior investments of the company. All purchases were made at par.

"The Universal Packing Company began operations in 1917, and from the beginning was a failure financially. June 1, 1918, the Universal Packing Company levied an assessment of $14 per share on all its capital stock, notice of which was duly published on June 3, 10, 17, 24, and July 1 and 5, 1918. The petitioner did not pay this assessment. On November 1, 1918, or immediately prior to that date, the Universal Packing Company closed its doors and ceased to function. Petitioner charged off on its books $12,000 as of January 31, 1919, and $3,000 as of January 31, 1920, and claimed deductions therefor in its tax returns for the taxable years ending on those dates, respectively. On July 12, 1924, it made entries on its books correcting the charge-off as of January 31, 1920, and making it as of January 31, 1919. It now claims the deduction of $15,000 in the determination of its taxes for the fiscal year ended January 31, 1919.

"Opinion.

"Lansdon. The law under which the petitioner claims is as follows:

"'Sec. 234 (a). That in computing the net income of a corporation subject to the tax imposed by section 250 there shall be allowed as deductions. * * *

"'(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise.' Revenue Act of 1918.

"To prevail in its contention, the petitioner must prove that the loss was sustained in the taxable year. The evidence is clear that the Universal Packing Company became

insolvent and ceased to function prior to November 1, 1918, a date within the taxable year. It is also in evidence that the insolvent corporation owned certain assets and that the sale of such assets and the final liquidation of its business were not completed within the fiscal year ended January 31, 1919. There is no convincing evidence that any loss was sustained in the taxable year.

"Judgment will be entered for the Commissioner."

[1-5] The applicable principles of law are not in controversy, and we content ourselves with little more than a bare statement of them. The taxpayer was not entitled to the deduction merely because the stock may have subsequently become worthless or because, in the light only of subsequent developments, it may appear to have been inherently worthless during the year in question. Nor can the deduction be claimed for a mere shrinkage in value. A loss may be said to be actually sustained in a given year if, within that year, it reasonably appears that such stock has, in fact, become worthless. It is not requisite that there be a charge-off on the books of the taxpayer, and the ultimate fact of worthlessness may be shown by circumstances, as in other cases where that question is in issue. But the burden is on the taxpayer to establish the fact by reasonably convincing evidence. Section 900h, Revenue Act 1924 (43 Stat. 337), being 26 USCA § 1219 (Comp. St. § 6371⅚b), and rule 20 of the Board promulgated thereunder; section 907 (a) of the Revenue Act of 1924, added by section 1000, Revenue Act of 1926 (44 Stat. pt. 2, p. 107), being 26 USCA § 1219(a), and rule 30 of the Board thereunder; Committee Report, Senate Report No. 52, Sixty-Ninth Congress, First Session, p. 36; Anderson v. Farmers' Loan & Trust Co. (C. C. A.) 241 F. 322; United States v. Falk & Bro., 204 U. S. 143, 27 S. Ct. 191, 51 L. Ed. 411; National Lead Co. v. United States, 252 U. S. 140, 146, 40 S. Ct. 237, 64 L. Ed. 496; New York Life Insurance Co. v. Edwards, 271 U. S. 109, 46 S. Ct. 436, 70 L. Ed. 859; U. S. v. S. S. White Dental Mfg. Co. (Dec. May 16, 1927) 47 S. Ct. 598, 71 L. Ed. 1120; In re Harrington (D. C.) 1 F.(2d) 749; Electric Reduction Co. v. Lewellyn (C. C. A.) 11 F.(2d) 493.

[6] Giving to terms their proper legal significance, vital parts of the Board's decision seem to be irreconcilably inconsistent with each other. It is said that "the Universal Packing Company began operations in 1917 and from the beginning was a failure financially"; and that "the evidence is clear that the Universal Packing Company became insolvent and ceased to function prior to November 1, 1918, a date within the taxable year." And yet it is further stated that "there is no convincing evidence that any loss was sustained in that taxable year." But how could the stock, and particularly the common stock, of such a corporation, out of business and wholly insolvent, be of any value? And adding to the confusion is the fact that, as we view it, the evidence fails to warrant either of the first two statements. The record may suggest the possibility but it is so meager, disconnected, and altogether inadequate, as to leave the ultimate facts largely to conjecture and speculation. Moreover, if it was intended to hold that "there was no convincing evidence that any loss was sustained in the taxable year" because, as stated, the sale of the assets of the corporation and the "final liquidation of its business were not completed within the fiscal year," the reasoning is deemed to be invalid.

Upon a review in this class of cases, we are given the "power to affirm or, if the decision of the Board is not in accordance with law, to modify or to reverse the decision of the Board, with or without remanding the case for a rehearing, as justice may require." Section 1003(b), Revenue Act 1926, pt. 2, 44 Stat. 110 (26 USCA § 1226). Questions of fact are exclusively for the Board, except that we may consider whether its findings are supported by any substantial evidence. Senate Committee Report 52, Sixty-Ninth Congress, First Session, p. 36.

We are of the opinion that justice requires a reversal of the decision, and that the case be remanded for rehearing; and such will be the order, without costs.