## VOLKER v. UNITED STATES.

### SAME v. CROOKS, Collector of Internal Revenue.

Nos. 7202, 7203.

District Court, W. D. Missouri, W. D. Nov. 19, 1929.

OTIS, District Judge.

These two cases were tried together. The question involved in count I in case No. 7202 is identical with the question involved in count I of case No. 7203. The question involved in count II of case No. 7203 is entirely different, and must be separately considered.

1. Prior to August 29, 1917, the plaintiff was the sole owner of a manufacturing business known as William Volker & Co. On that date he transferred all the assets of William Volker & Co. to a trust estate, receiving in return therefor 24,000 shares or certificates of interest in the trust. In 1920 he sold 1,082 of these shares or certificates, receiving therefor $128,487.50. The Commissioner of Internal Revenue determined that the cost to the plaintiff of the certificates thus sold was $119,261.02. It was computed by the Commissioner of Internal Revenue. that plaintiff had thus made a profit of $9,226.48. Count I of case No. 7202 asks for the recovery with interest of the tax plaintiff paid on the profit thus calculated by the Commissioner.

The first count of case No. 7203 involves a sale in the year 1921 of similar shares or certificates in the trust estate and an alleged profit therefrom of $8,437.77, and asks for the recovery with interest of the tax paid on the profit thus calculated.

The contention of the plaintiff in both cases is that in truth and in fact he did not make any profit in the transactions named, and that, therefore, he was not properly liable for any tax on such profits in either the years 1920 or 1921.

There is no question that the plaintiff acquired in 1917 the shares of stock which in 1920 and 1921 he sold. He did not own them before March 1, 1913, because they were not then in existence, and they did not come into existence until the creation of the trust estate above referred to. The applicable statute is section 202(a) of the Revenue Act of 1921, 42 Stat. 229, which reads:

"Sec. 202(a). That the basis for ascertaining the gain derived or loss sustained from a sale or other disposition of property, real, personal, or mixed, acquired after February 28, 1913, shall be the cost of such property. * * * "

The Commissioner of Internal Revenue determined that the cost to the plaintiff of each share or certificate in the trust was $110.22. He arrived at this cost by dividing what it is agreed was the cost to the plaintiff of all the assets transferred to the trust ($2,645,345.98) by 24,000, the number of shares or certificates which the plaintiff received for the assets transferred. And if the cost of each share or certificate was the amount determined by the Commissioner, then the plaintiff did in 1920 make the profit claimed and was properly taxed thereon. The question in the case is, as I see it, Was the cost to the plaintiff of each share or certificate $110.22 or was it a greater amount, as he claims?

The contention of the plaintiff that the cost to him of the 24,000 shares which he received was more than $2,645,345.98, and that therefore the cost to him of each share was more than $110.22, is based upon the theory that he transferred to the trust, in addition to tangible assets which cost $2,645,- 345.98, also the good will of William Volker & Co., and that that good will was of the value of $500,000. The theory of the plaintiff is that the cost of his 24,000 shares or certificates of interest was the sum of the cost of the tangible assets and the value of the good will.

Now, as I view the case, it must be said that the cost to the plaintiff of the 24,000 shares or certificates which he received in August, 1917, was the value of the assets, including the good will of William Volker & Co., which he transferred in exchange for them. If he has proved, and the burden of proof is on him, that the value of those assets, including the good will, was a half million dollars more than $2,645,345.98, then he has certainly proved that the cost of each share or certificate to him was so much more than $110.22 as that he realized no profit in its sale. *But the plaintiff has failed to prove the value of the assets which he transferred to the trust in exchange for the shares or certificates he received.* He has proved that the value of the good will, one of the assets, was $500,000. Where he has fallen short is in failing to prove the value of other assets than good will at the time of the transfer of all of the assets to the trust. He has proved only the *cost* of those other assets. But cost is not value, and may be far different from value.

For illustration, if on August 17, 1917, A pays $100 for a share of stock in X Company, it is correct to say that the cost of that share of stock to A is $100. However, if he acquires a share of stock, not by the payment of so much money, but by exchanging property for it, then the cost to him of that share of stock is the value of the property he has exchanged for it. If he has exchanged a horse for the share of stock, and if the horse is of the value of $100, then the share of stock has cost him $100. The cost

of the horse to A may have been $500. Yet cost of the share of stock to him is not $500, but $100. It is the value, not the cost, of the thing he has exchanged for the share of stock which determines the cost to him of the share of stock and he must prove what that value was in order to prove what the cost of the share of stock was.

In this case the plaintiff has not proved what was the cost to him of the shares or certificates he received. Therefore, he has not proved that the determination of the Commissioner, as to the profits made by him, was incorrect. As to these counts then the defendants should prevail.

2. So much of the second count of case No. 7203 as still remains for determination asks for recovery of taxes alleged to have been unlawfully collected for the year 1922. The contention of the plaintiff is that the Commissioner of Internal Revenue improperly refused to allow him a loss in that year in the amount of $123,300. Had he been allowed that amount as a loss, his taxes for the year 1922 would have been lessened in the amount sued for in this count.

The facts are that between August 29, 1913, and July 14, 1916, the plaintiff purchased 1,233 shares of the capital stock of the Great Western Portland Cement Company of Kansas, a Missouri corporation, at a cost of $123,300. He claims that these shares of stock became valueless in 1922 and therefore that he lost in that year the amount he had paid for them.

Did the plaintiff sustain this loss in 1922? The fact is that the plaintiff has heretofore claimed that he sustained this loss in 1921. That claim was disallowed by the Commissioner of Internal Revenue when it was made in connection with plaintiff's amended income tax return for the year 1921, and the plaintiff sought no review of that disallowance. Moreover, it is the positive testimony of the plaintiff in this case, in keeping with his former claim, that this loss was sustained by him in 1921; that positive testimony being to the effect that the stock he had purchased had become wholly valueless before December 31, 1921.

If I find for the plaintiff that he sustained this loss in 1922, I must so find against his own testimony in this case and against his own former claim.

Plaintiff's theory is that as the Great Western Portland Cement Company of Kansas was still a going concern after 1921 and until December, 1922, stock therein may not be said to be of no value in 1921, even though liabilities of the company very greatly exceeded its assets. So long as there was a possibility that the company might be rehabilitated, plaintiff urges, stock therein, theoretically at least, was of some value. It was only when the active life of the company ceased in December, 1922, when all of its assets were transferred to another corporation, that the transaction involving this stock was so completed and closed as that it was definitely ascertained to be of no value. Various decisions of the Board of Tax Appeals are cited. They support plaintiff's theory, abstractly stated. But each case must be determined in accordance with its own facts, and it seems to me that the facts here demonstrate that the plaintiff was right both in his testimony in this case and in his former claim that this stock became worthless in 1921. If so, he was entitled to claim the loss then, even though some miracle might again have given value to the stock. Compare Royal Packing Co. v. Commissioner of Internal Revenue (9 C. C. A.) 22 F.(2d) 536; De Loss v. Commissioner of Internal Revenue (2 C. C. A.) 28 F.(2d) 803. He cannot claim it as of a later year than that in which is occurred.

In no event has the plaintiff proved that this loss occurred in 1922, even if he has not proved (as I think he has) that it occurred in 1921. What was it that happened in 1922? A paper transaction. The plaintiff was in complete control of the Great Western Portland Cement Company of Kansas and he was its principal creditor. He caused the Great Western Portland Cement Company to be organized. He was in complete control of that also and its principal creditor. He caused the new corporation to take over the assets and to assume the liabilities of the old. His stock in the old corporation was worthless and had been since 1921. What happened in 1922 was not the closing out of the transaction involving that stock. If anything happened then it was the giving again of value to what had been valueless. The plaintiff had the right at least, whether he exercised it or not, of exchanging the stock in the old corporation for stock in the new. And although it is now claimed he did not do that, the evidence is that in his tax return for 1926 he claimed that he had. That claim is certainly inconsistent with the claim

now made that the transaction as to this stock was closed and that the stock was first definitely determined to be valueless in 1922.

Having failed to prove that he sustained in 1922 the loss claimed, the plaintiff should not recover upon the second count in case No. 7203.

I make specific findings of fact as follows:

In case No. 7202 and in case No. 7203 I find the facts to be as stipulated by the parties.

I find that the shares or certificates in the trust estate known as William Volker & Co., which were disposed of by William Volker in 1920 (count I, case No. 7202) and in 1921 (count I, case No. 7203) were acquired by him in 1917 and did not exist prior to that time.

I find that it has not been proved by the plaintiff that the cost to the plaintiff of these shares or certificates was greater than the amount determined by the Commissioner of Internal Revenue and therefore that it has not been proved that the plaintiff did not make the profits determined by the Commissioner.

I find (count II, case No. 7203) that the loss of $123,300 claimed by plaintiff to have been sustained in 1922 was in fact sustained by him in 1921.

The plaintiff is not entitled to recover on count I in case No. 7202 nor on counts I or II in case No. 7203.

Judgment should be for the defendants in both cases. Decrees may be prepared accordingly and submitted for approval and entry.