**ROYAL PACKING CO. v. LUCAS, Commissioner of Internal Revenue.**

No. 5821.

Circuit Court of Appeals, Ninth Circuit. Feb. 10, 1930.

Dan J. Chapin, of Los Angeles, Cal., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key, Harvey R. Gamble, and Randolph C. Shaw, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, and J. S. Franklin, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from an order of the United States Board of Tax Appeals made after rehearing ordered on a previous appeal by this court. Royal Packing Co. v. Commissioner of Internal Revenue, 22 F.(2d) 536. We refer to the previous opinion for a statement of the facts.

The question involved is the right of the taxpayer to charge off $15,000 as a loss incurred in the fiscal year January 31, 1919, because certain stock of the Universal Packing Company, owned by it, had become worthless. The Board of Tax Appeals concluded that the taxpayer had not sustained the burden of proof that the stock was worthless on January 31, 1919, and for that reason declined to allow that loss as a deduction. It is conceded that, unless the stock had become absolutely worthless during the tax year of January 31, 1919, a deduction for depreciation of the value of the stock could not be claimed as a loss during the taxable year. Section 234 (a)(4), Rev. Act of 1918, 40 Stat. L. 1078; Treasury Regulations No. 45, arts. 141, 144, 145, 561; Royal Packing Co. v. Commissioner, supra. The evidence adduced before the Board of Tax Appeals on the rehearing was much more definite and specific than that at the time of the previous hearing. The preferred stock of the Universal Packing Company amounted to $69,-000 and the common stock to $277,000. This stock was sold at par and the proceeds invested in the packing plant which was constructed by that company, and thereafter operated at a loss. The Universal Packing Company ceased to do business November 1, 1918. The testimony shows that the salvage value of the Universal Packing Company's property was much less than its cost. The petitioner, a stockholder in the Universal Packing Company, charged off $12,000 of its $15,000 investment in the common stock of the Universal Packing Company as of January 31, 1919, and the balance of $3,000 as of January 31, 1920. During the year ending January 31, 1920, the packing plant was sold and the affairs of that company liquidated. The holders of the common stock received nothing whatever. If the estimate of the petitioner, as disclosed by its book entries is correct, the total loss was not suffered until the fiscal year January 31, 1920. The books of the Universal Packing Company were not available at the time of the hearing before the Board of Tax Appeals, and no showing was made as to the liabilities of that company except a general statement of one of the witnesses that the indebtedness was about $120,-000. There is no definite showing as to the assets other than the packing plant. In this state of the record, after its findings of fact, the Board announced its conclusion as follows: "The case presented is that of a corporation which was organized in the latter part of 1916 or the early part of 1917, and which constructed its plant in 1917 at a cost so greatly in excess of previous estimates that it absorbed its paid-in capital. In this condition it had no credit early in 1918, and to raise money to carry on its operations it issued additional capital stock. Here again we are left in the dark. We do not know the amount of this additional capital. We do know, however, that petitioner subscribed for $5,000 par value of the stock and paid for it in March, 1918, and that petitioner's president at the same time subscribed for $20,000 par value of the stock, so that it appears that this early lack of credit was not considered evidence of insolvency. We know that about $300,000 was invested in this plant and other sums, amounts unknown, were invested in other equipment. We know that at some time it held quite a large amount of bills receivable. We know not what was the approximate amount of its liabilities. We know that it operated as late as November 1, 1918. While it operated at a loss, we do not know what that loss was. We are asked by petitioner to hold that as of January 31, 1919, the amount of petitioner's indebtedness, plus its preferred capital stock, exceeded the then value of all its assets by at least the sum of $277,400, the amount of the outstanding common stock. This, on the record before us, we cannot find."

The president of the appellant testified that he regarded the investment in the stock

182

of the Universal Packing Company as a complete loss, at least as early as November 1, 1918, when the packing company ceased doing business. The fact that he determined not to pay an assessment levied in July, 1918, is a very substantial indication that he did so believe for the natural result of the failure to pay the assessment would be the loss of the stock. Testimony was given by a banker that he regarded the stock as worthless and would not have loaned money to the corporation, but these are mere expressions of opinion and certainly are of no higher probative value than the entry made in the books of the appellant indicating the opinion that the stock was worth $3,000 on January 31, 1919. There was substantial evidence in the record to sustain the finding of the Board of Tax Appeals, and their conclusion must therefore be sustained. Royal Packing Co. v. Commissioner, supra; W. K. Henderson Iron Works & Sup. Co. v. Blair, Commissioner, 58 App. D. C. 114, 25 F.(2d) 538; Ox Fibre Brush Co. v. Blair, Commissioner (C. C. A.) 32 F.(2d) 42.

Decision affirmed.