## LAMBERT et ux. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 1928.

Circuit Court of Appeals, Tenth Circuit.

Dec. 19, 1939.

I. E. Lambert, of Santa Fe, N. M., for petitioners.

Ugo Carusi, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals involving income taxes of Isaac E. and Allison O. Lambert for the year 1934.

It is presented here on the findings of the Board which reflect these facts: During the years 1930 and 1931, Isaac E. Lambert acquired 100 shares of preferred stock of the Orpheum Circuit Company at a cost of $6,700, which he still owns. On January 27, 1933, the Orpheum Circuit Company filed a voluntary petition in bankruptcy and a receiver was appointed. Its stock was removed from the New York Stock Exchange on June 20, 1933. Thereafter, in 1933, it was quoted and sold over the counter. Prior to 1933, Radio-Keith-Orpheum offered Orpheum Circuit Company stockholders the right to convert their preferred stock into Radio-Keith-Orpheum stock on the basis of two shares of Radio-Keith-Orpheum for one share of Orpheum Circuit Company. This offer expired in the latter part of 1933 and was not extended.

Lambert was given charge of the reorganization of Radio-Keith-Orpheum. In 1934 he learned that the Orpheum Circuit Company did not have sufficient assets to meet its liabilities and that its preferred stockholders would not receive anything on a reorganization of Radio-Keith-Orpheum and its subsidiaries. In 1934 he placed his Orpheum Circuit Company preferred stock for sale with three brokerage firms but was unable to secure a purchaser.

Lambert and his wife filed a joint income tax return for the year 1934 in which they .deducted as a loss the cost of the Orpheum Circuit Company preferred stock. The Commissioner disallowed the deduction and proposed a deficiency assessment of $740.78. The Board concluded that the stock became worthless prior to 1934 and affirmed the determination of the Commissioner.

Section 23 of the Revenue Act of 1934, 48 Stat. 688, 689, 26 U.S.C.A. § 23(e), provides that in computing net income there shall be allowed as deductions "(e) *Losses by individuals.* In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise * * *."

The loss was sustained during the year the stock, in fact, became worthless.[1] Actual worthlessness is the test and it is to be arrived at by practical considerations.[2]

Where certain identifiable events occur which clearly evidence the destruction of value of a stock investment, the time of loss is fixed thereby and the taxpayer must take the loss in the year in which it occurs, as established by such identifiable events or occurrences.[3] Furthermore, the burden is on the taxpayer to establish the loss in the year in which the deduction is claimed.[4]

The record here discloses that Orpheum Circuit Company filed a petition in bankruptcy in January, 1933, and a receiver was appointed; that its stock was removed from the New York Stock Exchange in June, 1933, and that the conversion offer expired during the latter part of 1933 and was not extended. In the absence of a showing that such stock had a value in 1934, these identifiable events occurring

in 1933 must be regarded as establishing that the loss occurred prior to 1934.

The decision of the Board is affirmed.

---

[1] De Loss v. Commissioner, 2 Cir., 28 F.2d 803; Royal Packing Co. v. Commissioner, 9 Cir., 22 F.2d 536; Volker v. United States, D.C.Mo., 40 F.2d 697; Gowen v. Commissioner, 6 Cir., 65 F.2d 923, 924.

[2] Montgomery v. United States, Ct.Cl., 23 F.Supp. 130, 135; Brown v. Commissioner, 6 Cir., 94 F.2d 101, 103; Paul & Merten's Law of Federal Income Taxation, Vol. 3, § 26.67, p. 310.

[3] Wyoming Inv. Co. v. Commissioner, 10 Cir., 70 F.2d 191, 193; Gowen v.

Commissioner, supra; Nicholson v. Commissioner, 8 Cir., 90 F.2d 978, 980; United States v. White Dental Mfg. Company, 274 U.S. 398, 401, 47 S.Ct. 598, 71 L.Ed. 1120.

[4] Wyoming Inv. Co. v. Commissioner, supra; Nicholson v. Commissioner, supra; Gowen v. Commissioner, supra; Olds & Whipple, Inc., v. Commissioner, 2 Cir., 75 F.2d 272, 274; Lincoln Bank & Trust Co. v. Commissioner, 6 Cir., 51 F.2d 78, 80; Sacks v. Commissioner, 4 Cir., 66 F.2d 308, 309; Squier v. Commissioner, 2 Cir., 68 F.2d 25, 27.