## COYLE et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8397.

Circuit Court of Appeals, Seventh Circuit.

May 17, 1944.

Peter B. Nelson, of Chicago, Ill., for petitioners.

Samuel O. Clark, Jr., Sewall Key, and Melva M. Graney, Asst. Attys. Gen., and J. P. Wenchel and Claude R. Marshall, both of Washington, D. C., for respondent.

Before EVANS, SPARKS, and MAJOR, Circuit Judges.

EVANS, Circuit Judge.

Petitioners acquired 25,200 shares of the Atlantic & Pacific Oil Exploration Company in 1929 at a cost of $72,540. The A. P. Oil Co. was a parent company. It had a subsidiary, the Wyoming Company,* which was organized in 1930, and continued operating until dissolution in November, 1940. The A. P. Oil Co. had agreed in 1930 to purchase certain oil lands from the Dallas Dome Company for $500,000. No payment, except a $25,000 down payment, was made. Thereafter, a new contract between the parties was entered into in December, 1935, which reconveyed the property contracted for in 1930 to the Dome Company. By this agreement the A. P. Oil Co. was released from liabilities for said purchase price. In addition, the Dome Company granted the Wyoming Company the right to operate certain properties until December 1, 1936, receiving one-fourth of the net profit from such operation, *and the option of repurchasing the properties before that time, for $460,000.*

The Tax Court found that the Wyoming Company operated under this contract and extensions, until its dissolution, in November, 1940, whereupon the A. P. Oil Co. continued the operation until March, 1942, when a new extension of the agreement was made to run until December, 1944.

It was upon the expiration of the privilege of repurchasing the properties before December 1, 1936, that petitioners base their argument that worthlessness of their stock occurred in 1936.

Although the contract relation was continued after that date by extensions until December of this present year, the Tax Court found the record silent as to whether the option to purchase was also extended.

Income tax returns were filed by these companies for 1936, as well as before and after that time. Some of them showed income, though not taxable. The companies paid annual franchise taxes. The Tax Court found the balance sheets of the parent company to reflect an excess of assets over liabilities, for the years 1936 to 1942.

The A. & P. Oil Company had government permits to work on 90,000 acres of government property, which they lost, except for 7,000 acres, before December, 1935.

Petitioners claimed this same deduction for worthlessness in 1934; it was disallowed.

The Tax Court found that operations under the Dome Company contract of 1935, and extensions, yielded a net profit as follows:

| | |
|---|---|
| 1936 | $11,632.42 |
| 1937 | 10,132.88 |
| 1938 | 5,212.58 |
| 1939 | 7,070.98 |
| 1940 | 9,835.20 |
| 1941 | 5,344.52 |

In denying a finding of "worthlessness" of the stock in 1936, the Tax Court said:

"This evidence is not convincing in view of the respondent's showing that the Parent Company and its subsidiaries continued to operate as going concerns; that there was substantial annual net income, and that the balance sheet for the year 1936 and subsequently showed assets in excess of liabilities.

"It is doubtless a fact that the assets of the Parent Company became gradually depleted. But the argument that the books of the company reflected many of these assets at values exceeding actual values is less than convincing on this record. And, in any event, mere shrinkage of value does not ordinarily form a basis for a deductible loss. * *

"The Parent Company is still doing business with an avowed intent to continue. When those in charge of a company's operations, acting in good faith, believe they may work out of their business condition and realize profits as is shown here, it may not be said that the stock is worthless.

"Applying a practical test to the evidence presented, we are of the opinion that the petitioners have not established the fact that this stock became worthless in the year 1936. The determination of the respondent is sustained."

The difficulty of determining the precise year in which a taxpayer's stock becomes worthless was thus stated by Judge A. Hand in the case of Young v. Com'r, 2 Cir., 123 F.2d 597, 600:

"In cases like this the taxpayer is at times in a very difficult position in determining in what year to claim a loss. The

---

* Also another subsidiary.

582

only safe practice, we think, is to claim a loss for the earliest year when it may possibly be allowed and to renew the claim in subsequent years if there is any reasonable chance of its being applicable to the income for those years."

 The issue of worthlessness is an issue of fact. The determination of such issue by the Tax Court is almost conclusive with us. The Supreme Court, in passing upon the fact issue of "ordinary and necessary expenses incurred in carrying on his business,"—a factual question—stated the breadth of our jurisdiction as follows:

"Whether an expenditure is directly related to a business and whether it is ordinary and necessary are doubtless pure questions of fact in most instances. Except where a question of law is unmistakably involved a decision of the Board of Tax Appeals on these issues, having taken into account the presumption supporting the Commissioner's ruling, should not be reversed by the federal appellate courts. Careful adherence to this principle will result in a more orderly and uniform system of tax deductions in a field necessarily beset by innumerable complexities." Commissioner v. Heininger, 320 U.S. 467, 64 S.Ct. 249, 251, 254. See also Dobson v. Commissioner, 320 U.S. 489, 64 S.Ct. 239.

The stock of the parent company was certainly not of substantial present value. It has been said, "The rule should not require the taxpayer to prove 'beyond imaginable peradventure that these assets might not be snatched at by some impressionable buyer, who did not share their owners' estimate of their value.' De Loss v. Commissioner, 2 Cir., 1928, 28 F.2d 803", Clark v. Welch, 1 Cir., 140 F.2d 271, 273, and "The taxing act does not require the taxpayer to be an incorrigible optimist." United States v. S. S. White Dental Mfg. Co., 274 U.S. 398, 403, 47 S.Ct. 598, 600, 71 L.Ed. 1120.

The fact which finally sways us to the somewhat reluctant conclusion reached by the Tax Court is that the parent company was still operating—hopefully. It was hopeful that it could yet make a financial go of the oil business. Its assets were shrinking, its options were expiring. But its head was still above water. It was still scouting around for new leases, still had another company operating on a profitable royalty basis, small as that income was. The company was neither defunct nor deceased. As of the year 1936 it was seemingly not even insolvent.

Despite the apparently negligible value of this stock, in comparison with the very substantial price paid for it (the par value had been reduced from $1 to 10¢) it could not be said to have that "worthlessness" which the Regulations require to permit the taking of a deduction for loss. Or to be more accurate, we cannot set aside the finding of the Tax Court on this issue, on the showing made by the taxpayer. Its finding must be and is accepted.

The order of the Tax Court is

Affirmed.