**FIRST NAT. BANK OF MINNEAPOLIS v. UNITED STATES.**

No. 467.

District Court, D. Minnesota,
Fourth Division.

Nov. 10, 1944.

Motion to Amend Findings and Judgment
Feb. 2, 1945.

Faegre & Benson and Hayner N. Larson, all of Minneapolis, Minn., for plaintiff.

Victor E. Anderson, U. S. Atty., and Linus J. Hammond, Asst. U. S. Atty., both of St. Paul, Minn., for the United States.

JOYCE, District Judge.

This is a suit for the recovery of internal revenue taxes. Plaintiff is the executor of the estate of Edward Dawson Brande, the taxpayer. In 1938 taxpayer was the owner of 212½ shares of the preferred and 1,000 shares of the class A stock of Central Public Utility Corporation. The total cost to taxpayer and his father, through whom some shares were obtained as gifts, was $25,200. The shares were purchased in Central Public Service Corporation, which was reorganized in 1932 and the stock exchanged for that in the present corporation. The corporation is principally engaged in holding stock in Consolidated Gas & Electric, which directly or through subsidiaries is principally engaged in the manufacture and distribution of gas and electricity in some eighteen states and some foreign countries.

In December, 1938 taxpayer gave instructions to his broker to sell this stock. The brokerage firm, which is a reputable concern operating nationally, entered the orders and then advised him that the best obtainable price was $1 for each block of shares which would not even absorb the selling tax. The stocks were not sold.

Taxpayer wrote the stock off on his books as worthless and claimed a capital loss in his 1938 tax return. The Commissioner disallowed this deduction and assessed an additional tax of $2,762.67, which with $151.94 interest, was paid. A claim for refund was filed and refused and this suit followed.

The sole question here is whether plaintiff has sustained the burden of proving the stock became worthless for income tax purposes in 1938 under Section 23(e) of the Revenue Act of 1938, 26 U.S.C.A. Int.Rev.Code, § 23(e).

 There is little dispute as to the law applicable to the question of when stock becomes worthless for income tax purposes, but the number of decisions discloses the difficulty of applying the legal principles to the varying fact situations. It is well settled that the burden of showing stock became worthless in the year claimed is on the taxpayer. Royal Packing Co. v. Commissioner of Internal Revenue, 9 Cir., 22 F.2d 536; Squier v. Commissioner of Internal Revenue, 2 Cir., 68 F.2d 25; Nicholson v. Commissioner of Internal Revenue, 8 Cir., 90 F.2d 978; Keeney v. Commissioner of Internal Revenue, 2 Cir., 116 F.2d 401; Dunbar v. Commissioner of Internal Revenue, 7 Cir., 119 F.2d 367, 135 A.L.R. 1424. And whether the stock did become worthless in the year claimed is a question of fact. United States v. S. S. White Dental Mfg. Co., 274 U.S. 398, 47 S.Ct. 598, 71 L.Ed. 1120; St. Louis Union Trust Co. v. United States, 8 Cir., 82 F.2d 61; Rassieur v. Commissioner of Internal Revenue, 8 Cir., 129 F.2d 820; Rand v. Helvering, 8 Cir., 116 F.2d 929; Coyle v. Commissioner of Internal Revenue, 7 Cir., 142 F.2d 580. The loss is deductible only in the year in which it in fact became worthless. Royal Packing Co. v. Commissioner of Internal Revenue, 9 Cir., 22 F.2d 536; Bartlett v. Commissioner of Internal Revenue, 4 Cir., 114 F.2d 634; St. Louis Union Trust Co. v. 'Commissioner of Internal Revenue, supra. Losses resulting from mere fluctuation in value are not deductible. United States v. S. S. White Dental Mfg. Co., 274 U.S. 398, 47 S.Ct. 598, 71 L.Ed. 1120; Dayton Co. v. Commissioner of Internal Revenue, 8 Cir., 90 F.2d 767. The applicable regulation, Article 23(e)-4 of Regulations 101, reads: "Shrinkage in value of stocks.—A person possessing stock of a corporation cannot deduct from gross income any amount claimed as a loss merely on account of shrinkage in value of such stock through fluctuation of the market or otherwise. The loss allowable in such cases is that actually suffered when the stock is disposed of. If stock of a corporation becomes worthless, its cost or other basis as determined and adjusted * * * is deductible by the owner for the taxable year in which the stock became worthless, provided a satisfactory showing is made of its worthlessness. * * *"

 The test is objective rather than subjective. That is, the ultimate fact to be proved is the time of a definite happening, when the stock became worthless, not any standard of subjective knowledge of the taxpayer. Bartlett v. Commissioner of Internal Revenue, 4 Cir., 114 F.2d 634. This places a strict and often difficult burden on the taxpayer which is softened somewhat by the "identifiable event" test announced in United States v. S. S. White Dental Mfg. Co., 274 U.S. 398, 47 S.Ct. 598, 71 L.Ed. 1120. It was there stated that although the statute and regulations do not permit deduction for mere fluctuation in value, they do contemplate deduction for losses "fixed by identifiable events" such as the sale or destruction of property or, as in that case, sequestration of corporate property by a belligerent. Other events that have been considered identifiable so as to fix worthlessness for tax purposes are: bankruptcy, Schmidlapp v. Commissioner of Internal Revenue, 2 Cir., 96 F.2d 680, 118 A.L.R. 297; Young v. Commissioner of Internal Revenue, 2 Cir., 123 F.2d 597; liquidation, Gowen v. Commissioner of Internal Revenue, 6 Cir., 65 F.2d 923, certiorari denied 290 U.S. 687, 54 S.Ct. 123, 78 L.Ed. 592; disposing of some corporate assets and ceasing operations, De Loss v. Commissioner of Internal Revenue, 2 Cir., 28 F.2d 803; Dalton v. Bowers, 2 Cir., 56 F.2d 16; expiration of an option, Young v. Commissioner of Internal Revenue, supra; reorganization and issuance of new stock without preference to old stockholders, Brooks v. United States, D. C., 32 F.Supp. 158. The most common instance of such an identifiable event is the sale of the property. Shoenberg v. Commissioner of Internal Revenue, 8 Cir., 77 F.2d 446, certiorari denied 296 U.S. 586, 56 S.Ct. 101, 80 L.Ed. 414. Our Circuit Court of Appeals there says: "To secure a deduction, the statute requires that an actual loss be sustained. An actual loss is not sustained unless when the en-

tire transaction is concluded the taxpayer is poorer to the extent of the loss claimed; in other words, he has that much less than before." 77 F.2d 449.

■ Nevertheless, the taxpayer cannot fix the "identifiable event" by a sale for a nominal amount if the stock actually became worthless in a prior year. Keeney v. Commissioner of Internal Revenue, 2 Cir., 116 F.2d 401. In such a case, the loss does not "result" from the sale. Schmidlapp v. Commissioner of Internal Revenue, 2 Cir., 96 F.2d 680. When the security cannot fluctuate because its value is extinct a sale would be fictitious. De Loss v. Commissioner of Internal Revenue, supra.

Tested by the foregoing criteria, plaintiff's difficulty is apparent. Other than a showing that taxpayer attempted to sell the stock in December, 1938, there is no pointing to any event to prove the stock became worthless in that year. There was no sale. The corporation was still a going concern. Although obviously in financial straits, the evidence shows its stocks and bonds were being traded in, as were the stocks of its subsidiary. The corporation had an operating deficit in 1938 but that was not peculiar to that year.

■ As part of the taxpayer's burden of showing that stock became worthless in a given year "he must of necessity show that it had some intrinsic or potential value at the close of" the previous year. Dunbar v. Commissioner of Internal Revenue, 7 Cir., 119 F.2d 367, 135 A.L.R. 1424. Plaintiff attempts to meet this burden by reference to quotations from a national stock summary showing that the last offers for 1937 were a bid of ¼ for the preferred and of .05 for the class A stock. On this basis it is argued that taxpayer could have then realized $103.12 for his holdings, which amount would have exceeded the selling tax. In other words, plaintiff's position is reduced to the contention that for income tax purposes a stock has value whenever its selling price exceeds the cost of selling and becomes worthless when the cost of selling exceeds the price obtainable. The difficulty with this proof is that the same stock summary shows fluctuation but little variation in bid and asked prices from 1936 through 1940, which, to say the least, are nominal. The last quotations for 1939 (⅛ for preferred, .02 for class A and the same quotations prevailed at the end of 1940) would apparently have yielded tax-

payer $46.56, which also is in excess of the selling cost. By its own reasoning, plaintiff must concede there was value in those subsequent years. If so, the stock could not have become worthless in 1938. Plaintiff has not sustained its burden of proof on this issue.

I do not pass on the validity of plaintiff's argument. Whether a sale of stock for a nominal amount but in excess of the selling cost, without more, would prove the stock was not then worthless for tax purposes, I do not decide. In De Loss v. Commissioner of Internal Revenue, 2 Cir., 28 F.2d 803, 804, the cost of selling the stock exceeded the amount realized. The court said: "The shares were patently worthless and could never have any value." But in that case the directors had previously dissolved the corporation, had proceeded to dispose of the assets, paid a 60% dividend to creditors, and announced to the stockholders that they would get nothing for their investment.

In Young v. Commissioner of Internal Revenue, 2 Cir., 123 F.2d 597, the corporation went into the hands of a receiver in 1932. Between then and 1936 there existed an option to exchange the stock. During this period plaintiff could have netted $60.38 out of a $9,972.50 investment. In holding that plaintiff had not sustained the burden of proving the stock became worthless in 1936, the court, speaking through Judge Augustus Hand, said:

"We think the Board and the Commissioner would have been fully justified in finding that the stock became worthless in 1932. Such a trifling realization as $60 which the taxpayer apparently might have obtained as the result of the negotiations in 1936 represented nothing more than nuisance value. * * *

"Whether 1932 or 1936 be taken as the time when the stock became worthless, in each year there was an identifiable event— in the first bankruptcy, and in the second the expiration of the option in Imco." 123 F.2d 600.

In Rand v. Helvering, 8 Cir., 116 F.2d 929, the corporation was formed to take over the obligations of a partnership of which plaintiff was a large creditor. The corporation was operating but had sustained losses from 1931 to 1936. Its stock was unlisted. In 1933 plaintiff sold for $4 stock that had cost him $500,000. He was allowed the deduction. In 1934 he netted 22 cents for stock costing him $12,000. In up-

holding a finding that the stock did not become worthless in 1934 the court said: "While there was some evidence that the stock in that company may have had some value * * * petitioner himself established that the stock became worthless prior to 1934 by selling in 1933, 500 shares at four-fifths of a cent a share." 116 F.2d 933.

Coyle v. Commissioner of Internal Revenue, 7 Cir., 142 F.2d 580, upheld a finding by the Tax Court that the stock was not worthless although apparently its value was "negligible" compared to the purchase price. Like the case at bar, the company was still operating. Quoted language from the decision of the Tax Court is likewise applicable here: "The Parent Company is still doing business with an avowed intent to continue. When those in charge of a company's operations, acting in good faith, believe they may work out of their business condition and realize profits as is shown here, it may not be said that the stock is worthless." 142 F.2d 581.

 It will be observed that in each of these cases where a finding of worthlessness was upheld there was some definite event (disposal of assets, receivership, and a previous sale by the principal stockholder) that fixed the time when the stock became worthless. It is that fact that is lacking here. There is no showing of any event in 1938 that would affect the value of the corporate stock in that year. It would seem to be indicated that when there is no such event and the company is still operating and the stock has not been sold, it has not become worthless for tax purposes. As said in Montgomery v. United States, 87 Ct.Cl. 218, 23 F.Supp. 130, 135: "Actual worthlessness is the test. All reasonable possibility of realization of something on the stock must be destroyed before the deduction is allowable." And in Dresser v. United States, 74 Ct.Cl. 55, 55 F.2d 499, 512: "Partial losses are not allowable as deductions from gross income so long as the stock has a value and has not been disposed of."

This memorandum is made a part of the foregoing Findings of Fact and Conclusions of Law.

### Order on Motion to Amend Findings and Judgment

Plaintiff moved for amended findings of fact and conclusions of law. The principal point raised was that a bona fide offer to sell the stock in the open market and the receiving of a bona fide bid less than the selling cost was such an identifiable event as to establish the fact of loss and compel a finding that the stock was worthless for tax purposes. Plaintiff argued that the facts that the sale was not consummated and that the corporation was still operating were immaterial. No case was cited in support of these propositions and I cannot agree with them. Whether the result would be different if the stock were sold is a fact situation not before me and I express no opinion thereon.

In Lambert v. Commissioner, 10 Cir., 108 F.2d 624, there were unsuccessful attempts to sell the stock, and in Young v. Commissioner, 2 Cir., 123 F.2d 597, the cost of selling the shares exceeded the obtainable price. In neither opinion is there any indication that these facts, by themselves, were considered as identifiable events.

In the case at bar the corporation was still operating. There was no showing of bankruptcy, insolvency proceedings or any other indication that the corporate future was hopeless. I think these facts are pertinent. I agree with what was said by Judge Learned Hand in Bullard et al. v. United States, 2 Cir., 146 F.2d 386: "The corporation did not go out of business, on the contrary it tried to go on, opening all the apartments to the highest bidder. We may assume from the sale of the 3250 shares that all the shares were at that time worthless in the sense that they had no saleable value; but that is by no means enough. The premises might recover some of their value; in the ensuing four years many buildings have done so; the outlook has much improved; obviously the corporation was not yet prepared to throw in the sponge. No liquidation was proposed; no declaration of insolvency made; no receiver appointed; no such 'identifiable event' occurred as was necessary to establish the worthlessness of the property. * * * It would be unsafe to say that until a corporate business has been abandoned, there cannot be that 'identifiable event' which is necessary in such situations; but at least we can say that, when the business does continue, the circumstances must be exceptional which will induce us to hold that the shares have as yet become worthless."

The adoption of plaintiff's view would be a dangerous doctrine. The instant that a shareholder offered his holdings for sale and received a bid lower than the selling cost, the stock would become worthless for tax

purposes. Other stockholders who were not aware of this particular offer and bid would not be put on their guard, particularly where, as here, the corporation is operating and apparently intends to continue to do so. If in a later year some recognized event, such as bankruptcy, should occur, would such shareholders be precluded from deducting a loss because of the previous offer and bid? Or would the stock become worthless in one year for one stockholder and in another year for others? There is no satisfactory answer to these questions, and I do not believe the identifiable event test compels any such result.

I adhere to my original view that the offer and bid in this case does not meet the burden of proving the stock became worthless in the year claimed.

The motion is overruled, with an exception to the plaintiff.