ANTONIO DÍAZ GONZÁLEZ ET UX., Petitioners, *v.* TAX COURT OF PUERTO RICO, Respondent; TREASURER OF PUERTO RICO, Intervener.

No. 189. Argued March 1, 1949.—Decided April 11, 1949.

*Luis Tirado Géigel* and *J. J. Ortiz Alibrán* for petitioners. *Vicente Géigel Polanco, Attorney General* (*Luis Negrón Fernández* former *Attorney General,* on the brief) and *Elmer Toro Lucchetti* for intervener, respondent in the main action.

MR. JUSTICE SNYDER delivered the opinion of the Court.

In 1938 Antonio Díaz González was the principal stockholder of Lahoud Freres, Inc. Díaz and his wife deposited $60,000 with the Chase National Bank as a guaranty for certain obligations of the corporation to the bank. On October 28, 1938 the bank came to the conclusion that the corporation could not pay its debts to the bank, and applied the $60,000 thereto.

On December 5, 1938 three continental creditors of the corporation filed in the United States District Court for Puerto Rico an involuntary petition of bankruptcy against the corporation. On December 30, 1938 the corporation filed a petition for reorganization under § 101, Chapter X, of the Bankruptcy Act. On May 17, 1939 the Acting Referee in Bankruptcy reported to the Federal Court that reorganization was not possible. On May 19, 1939 the corporation was adjudged a bankrupt.

Díaz took a loss of $10,800 for 432 shares of the corporation in his 1938 income tax return. He and his wife took losses of $15,000 each in their 1939 returns for the guaranty they gave to the bank. Díaz took a $20,000 loss in 1940 on the guaranty.

The Treasurer concluded that the $60,000 guaranty was deductible in 1938, not in 1939 or in 1940. The taxpayers filed a petition in the Tax Court in which they asked that court to hold (1) that the deduction of the $60,000 guaranty in 1939 and 1940 was proper, although they had actually claimed only $50,000 in their returns and (2) that they were entitled to deduct in 1939 an additional $11,990 for losses because of their ownership of stock in the corporation. The Tax Court held that the $60,000 item was a bad debt rather than a loss and that it was deductible in 1938, not 1939. It disallowed the $11,990 item for lack of proof. We granted the taxpayers' petition for certiorari to review this decision.

The errors assigned relate only to the $60,000 item. This case does not require us to determine whether the $60,000 guaranty involved a deduction for losses under § 16 (a) (4) and § 16 (a) (5) of the Income Tax Act or a deduction for a worthless debt under § 16 (a) (7).[1] A deduction for a bad

---

[1] For the distinction between these two types of deductions, see *Spring City Co.* v. *Commissioner*, 292 U.S. 182, 189; *Reed* v. *Commissioner of Internal Revenue*, 129 F. 2d 908, 912 (C.C.A. 4, 1942); *Shiman* v. *Commissioner of Internal Revenue*, 60 F. 2d 65 (C.C.A. 2, 1932); 5 Mertens, Law of Federal Income Taxation, §§ 28.38; 30.14; Brown, The Time for Taking Deductions for Losses and Bad Debts for Income Tax Purposes, 84 U. of Pa.L.Rev. 41.

debt is allowable when its worthlessness is ascertained, whereas a deduction for a loss is allowable only during the taxable year it was really sustained. But justification for a deduction "of either sort must be shown or proved by some 'identifiable event', or by attending circumstances which support an ascertainment of worthlessness." *Helvering* v. *Smith*, 132 F. 2d 965, 967 (C.C.A. 4, 1942); *Bartlett* v. *Commissioner of Internal Revenue*, 114 F. 2d 634 (C.C.A. 4, 1940); *Curry* v. *Commissioner of Internal Revenue*, 117 F. 2d 307 (C.C.A. 2, 1941).

Here Díaz himself made a deduction in 1938 on the ground that the stock of the corporation had become worthless in that year. In 1938 he refused to advance any more money to the corporation. In 1938 the bank concluded that the corporation could not pay its debt and applied the $60,000 guaranty to the debt owed to the bank by the corporation. The involuntary petition of bankruptcy was filed in 1938. The corporation filed a petition for reorganization in 1938.

The taxpayer introduced no evidence that the position of the corporation was not hopeless in 1938. The fact that the adjudication of bankruptcy was not entered until 1939 is not decisive in this case. Whatever might be true in other cases, under the circumstances herein the adjudication of bankruptcy in 1939 merely recognized and confirmed events which had occurred in 1938. We agree with the Treasurer that, whether the $60,000 item be treated as a loss or as a worthless debt, the identifiable events necessary to bring it into either classification occurred in 1938, not in 1939. 5 Mertens, *supra*, §§ 28.67–68, pp. 248–61; Annotation, 135 A.L.R. 1430; *Joyce* v. *Gentsch*, 141 F. 2d 891, 897 (C.C.A. 6, 1944); *Lambert et ux.* v. *Commissioner of Internal Revenue*, 108 F. 2d 624 (C.C.A. 10, 1939).

The decision of the Tax Court will be affirmed.

Mr. Justice Negrón Fernández did not participate herein.