## PETERS v. UNITED STATES (two cases).

### Nos. 42583, 42584.

Court of Claims.

March 4, 1935.

Warren W. Grimes, of Washington, D. C., for plaintiffs.

Elizabeth B. Davis, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and LIT-TLETON, GREEN, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

The losses sustained by plaintiffs, as shown by the facts, have not been allowed as deductions for any year. When plaintiffs made their returns for 1930, they did not claim the losses as deductions but soon thereafter they filed claims for refund in which such deductions were claimed. These refund claims were rejected, and the defendant here contends that such losses as

148

were sustained were deductible in 1931 rather than in 1930. Any refund for 1931 is barred by the statute of limitation.

 Under the facts in this case, we are of opinion that the claimed losses were sustained and were deductible in 1930. The corporation was hopelessly insolvent prior to December 31, 1930. Its liabilities, exclusive of plaintiffs' investment of $10,000 in the stock of the corporation, exceeded the value of its assets by $31,891.59. The corporation had entirely ceased business and had accepted the offer of plaintiffs to take over its assets and assume its liabilities. There was no hope, therefore, that plaintiffs could collect $31,891.59 of the total of their loans of $56,123.83 to the corporation, and their investment of $5,000 each in the stock of the corporation was a total loss. The amount of $31,891.59 of the total loans made by plaintiffs to the corporation was clearly worthless on and prior to December 31, 1930, and in the circumstances of this case that portion of the total indebtedness of the corporation to them was a proper deduction as worthless debts in 1930 and their investment in the stock of the corporation was a loss, even if plaintiffs had not taken over the assets and assumed the liabilities. Plaintiffs did not actually charge off on any books the worthless portion of their loans to the corporation because they kept no individual books of account, but they correctly determined such amount as was uncollectible to be worthless and, in the circumstances, this was a sufficient compliance with the statute. The fact that the deed to the land and the buildings taken over by plaintiffs was not executed by the corporation until 1931 is not controlling in this case. The decisions are uniform that a stockholder may under facts establishing the worthlessness of his stock take as deductions the cost thereof, even though the corporation has not disposed of its assets or been dissolved, and where a debt due by a corporation is properly determined to be worthless and charged off in such manner as to satisfy the statute, a deduction on account of the portion which is so determined to be worthless may likewise be deducted. The case of Dresser et al. v. United States, 55 F.(2d) 499, 74 Ct. Cl. 55, chiefly relied upon by counsel 'for the defendant, is distinguishable on the facts. Plaintiffs are entitled to recover $1,209.15 and $694.92, respectively, with interest. Judgments will be entered accordingly.

It is so ordered.