## INDUSTRIAL RAYON CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.[1]

### No. 7324.

Circuit Court of Appeals, Sixth Circuit.

Feb. 8, 1938.

J. W. Reavis, of Cleveland, Ohio (Tolles, Hogsett & Ginn and Thos. M. Harman, all of Cleveland, Ohio, on the brief), for petitioner.

Harry Marselli, Sp. Asst. to Atty. Gen. (Robert H. Jackson, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before MOORMAN and HICKS, Circuit Judges, and RAYMOND, District Judge.

MOORMAN, Circuit Judge.

The petitioner was the owner of the Fibre Throwing & Dyeing Company, which was engaged independently of the petitioner in the business of manufacturing and dyeing. For a time the subsidiary prospered, but running into hard times in 1925 it rapidly declined until in December of 1926, when it was compelled to cease its manufacturing and selling business. During the preceding year its board of directors had made repeated efforts to dispose of the properties of the company but had failed. In January of 1927 the company was heavily in debt to the Industrial Fibre Company, and on January 31st sold to that company its machinery and equipment to be credited on its indebtedness. After the sale, the company had no credits or assets of any kind. On March 3, 1927, the board of directors of the petitioner authorized the dissolution of the company, and on November 3, 1927, it was duly dissolved without any return to the petitioner on its investment, which on December 31, 1927, was charged off the petitioner's books as a total loss. In its tax return for that year the petitioner deducted the loss of the investment from income. The Commissioner disallowed the deduction on the ground that the loss was sustained in the year 1926, and the Board of Tax Appeals sustained his action.

The petitioner contends that the determination of worthlessness in 1926 is not conformable to the rules of law that losses must be evidenced by closed and completed transactions fixed by identifiable events. "An identifiable event" in the taxing decisions, as we understand it,

[1] This opinion was adopted by the court before Circuit Judge Moorman's death on January 26, 1938.

is an incident or occurrence that points to or indicates a loss—an evidence of a loss. The evidence need not, though, consist of stereotypic plan or scope. It may vary according to circumstances and conditions. We see no reason why it might not appear in the assets of a business depreciated to exhaustion. The cases relied on by the petitioner do not hold otherwise. While some of them point out evidences of losses, none of them excludes as such the exhaustion of assets. Other authorities in precept and decision show its pertinence. Denman v. Brumback, 6 Cir., 58 F.2d 128; Gowen v. Commissioner, 6 Cir., 65 F.2d 923. Indeed, the Treasury Regulations declare that while mere shrinkage in the value of a stock is not deductible as a loss, one does occur when a stock becomes finally worthless. Here the throwing company, after a period of losing money in the operation of its business, and finding itself heavily in debt, without hope of recuperation, decided in 1926 to dispose of its lease, sell its properties and assets, and abandon business. It was without credit or assets and for all practical purposes was hopelessly insolvent. The petitioner's investment in its stock was then worthless, too. We think the loss occurred as at that time and not in 1927.

The order of the Board of Tax Appeals is affirmed.