**CITY BANK FARMERS TRUST CO. et al. v. UNITED STATES.**

No. 42899.

Court of Claims.

March 7, 1938.

George H. Craven, of New York City (Charles Angulo, Russell L. Bradford, and Taylor, Blanc, Capron & Marsh, all of New York City, on the brief), for plaintiffs.

Guy Patten, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Rob-

552

ert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

The plaintiffs, as executors of the estate of William T. Carrington, deceased, have duly filed a claim for refund of taxes paid by the decedent for the year 1929 on the ground that in computing the taxes of the decedent for that year the Commissioner failed to allow $89,000 as a bad debt deduction by reason of which the decedent's taxes were overpaid in the sum of $13,953.14, for which sum judgment is asked.

█ The commissioner of this court found that in the years 1927 and 1928 the decedent made loans aggregating $89,000 to a corporation known as the American Society for Opera in English, Inc., and that in 1929 he ascertained the debts created thereby to be worthless. Counsel for defendant argue that the evidence does not sustain the commissioner's findings. It would serve no useful purpose to discuss the evidence as we agree with our commissioner and have affirmed his conclusions.

█ The defendant also contends that there is no evidence that the decedent charged off the loans on any books, and argues that as the decedent did not claim the deduction in his return it cannot be allowed. The decedent kept no books of account, and when his 1929 tax return was being made up he stated to his agent who was preparing the return that the loans were a total loss and that he wanted them charged off on the return. The failure to include the deduction in the return is thus fully explained. Under the circumstances, we think the plaintiffs were entitled to make a claim for refund. See Peters v. United States, 10 F.Supp. 145, 80 Ct.Cl. 830.

The plaintiffs are entitled to recover $13,953.14, together with interest thereon, as provided by law. Judgment will be rendered accordingly.