## HOBBY v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8378.

Circuit Court of Appeals, Fifth Circuit.

June 29, 1938.

Wright Matthews, of Houston, Tex., for petitioner.

S. Dee Hanson, J. Louis Monarch, and Sewall Key, Sp. Assts. to Atty. Gen., Jas. W. Morris, Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John E. Marshall, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

In filing his income tax returns for 1931 petitioner deducted a loss of $62,582.40, occasioned by his stock holdings in Christie and Hobby, Inc., becoming worthless. The Commissioner held that the loss occurred in the taxable year 1930 and not 1931, determined an over assessment of $670.73 for 1930 and a deficiency of $11,010.46 for 1931. The Board of Tax Appeals held that petitioner had failed to overcome the presumption in favor of the correctness of the Commissioner's determination and affirmed it.

It is unnecessary to review the evidence in detail. It appears from the record that Christie and Hobby, Inc., was organized primarily for the purpose of managing two insurance companies, Security Union Insurance Co. and Lumbermen's Reciprocal Association. Both of these companies were placed in receivership during July 1930. Christie and Hobby, Inc., was called upon to pay some of the debts of these two companies and on December 9, 1930, a special liquidator was appointed for it by the Texas Bank Commissioner to liquidate its affairs and distribute its assets. No dividends were paid to stockholders thereafter and the corporation was subsequently dissolved. Petitioner's pleadings and the 1931 return admit the stock was worthless as of January 1, 1931. It is a reasonable presumption it was worthless on December 9, 1930, when the liquidator was appointed, notwithstanding the books of the corpora-

tion showed it to be then solvent. There was no substantial evidence to rebut this. We concur in the ruling of the Board. Brown v. Commissioner, 5 Cir., 22 F.2d 797.

■ Various errors are assigned to rulings of the Board made in the course of the trial before it. The petition to review the determination of the Commissioner was filed February 20, 1934. The case was finally at issue on March 26, 1935. A hearing was set for May 8, 1935, before board member Sewall at Houston, after reasonable notice. Petitioner was present and represented by counsel. On that day a motion was made for a continuance because of the absence of two witnesses J. L. Mapes and M. B. Rankin, on the ground that Mapes was ill and absent from the state and his testimony was vital to a proper trial of the case; and that the witness, Rankin, was comptroller of Christie and Hobby, Inc., and his testimony was important to the determination of the issues from the standpoint of the respondent as well as the petitioner; that petitioner had endeavored to locate the witness Rankin during the past several days but had been unsuccessful. No showing was made as to the testimony these witnesses would give nor that the same facts could not be proven by other witnesses who were available.

We find no abuse of discretion in denying a continuance. Other errors assigned are without merit and require no discussion.

The judgment of the Board is
Affirmed.