## MORTON v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7119.

Circuit Court of Appeals, Seventh Circuit.

May 29, 1940.

Edward H. Stearns and Robert V. Jones, both of Chicago, Ill., for petitioner.

Samuel O. Clark, Jr., Sewall Key, Joseph M. Jones, J. P. Wenchel, and Charles E. Lowery, all of Washington, D. C., for respondent.

Before EVANS and KERNER, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

This is a petition for the review of a decision of the Board of Tax Appeals involving a deficiency in petitioner's income tax for the year 1932. In his income tax return petitioner claimed that certain common stock became worthless in 1932. The Commissioner of Internal Revenue determined that the stock became worthless in 1931. The Board of Tax Appeals sustained the determination of the Commissioner. The only error assigned is the ruling of the Board that the taxpayer had not proved that he sustained a deductible loss in 1932.

The record discloses that on July 1, 1929, the petitioner purchased 325 shares of common stock of First Investors Co. of Illinois, an investment trust, dealing in securities, to a substantial extent on borrowed money. The decline in the market value of securities which began in 1929 affected the company and on March 27, 1930, the value of its assets was less than its current and preferred stock liability by $14,000. On November 14, 1930, its directors authorized the sale of sufficient securities to reduce its outstanding indebtedness to $210,000. The continued decline in the se-

curities market in 1931 made the sale of an additional amount of its assets necessary, and the book value of the investment inventory accordingly diminished on September 30, 1931, from $598,764 to $106,257 on December 31, 1931, and the current liabilities on December 31, 1931, were reduced to $16,670. The book value of the assets on December 31, 1931, was $144,896 but the market value was $42,000, and the preferred stock liability outstanding, having preference in case of liquidation over the common stock, was $609,000. In 1932 the securities market suffered further decline and on June 22, 1932, the board of directors authorized liquidation, and the stockholders ratified this act and passed a resolution dissolving the corporation on July 16, 1932.

It also appeared that in 1930 or 1931 First Investors Company organized Distributors Unified Service, Inc., a subsidiary, as an investment company, in which it invested $25,000. During the later part of 1931 the manager of the First Investors Company informed its directors that he was of the opinion that Distributors Unified Service, Inc., had great possibilities.

The Board, after weighing and considering all the evidence presented, found as a fact that the common stock apparently had no present value as early as the spring of 1930, that it had no liquidating value on December 31, 1931, that there was nothing in the record to indicate that any officer or director of the corporation had a hope or expectation that continued operation would result in creating an equity for the holders of the common stock and it then reached the conclusion that petitioner failed to prove that the common stock had either liquidating or potential value on December 31, 1931.

By § 23(e) of the Revenue Act of 1932, ch. 209, 47 Stat. 169, 179, 26 U.S.C.A.Int. Rev.Code, § 23(e), deductions are allowed individuals for losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in trade or business, or if incurred in any transaction entered into for profit though not connected with the trade or business.

Article 174 of Treasury Regulations 77 under the Revenue Act of 1932 reads as follows: "If stock of a corporation becomes worthless, its cost or other basis as determined and adjusted under § 113 (of the Revenue Act of 1932, 47 Stat. 169, 198, 26 U.S.C.A.Int.Rev.Acts, page 514) is deductible by the owner in the taxable year in which the stock became worthless."

Thus it appears that the right to claim a deduction is statutory, and that proof of loss upon stock may be made when the stock actually becomes worthless.

It is insisted by petitioner's counsel that the Board disregarded the statutory provision making the loss deductible when sustained, and the argument is made that the loss caused by the worthlessness is sustained by the taxpayer when some event has occurred to close the transaction, with realized gains and losses and not with anything less definite, e. g., some identifiable event which points to or indicates a loss, such as the dissolution of the corporation, United States v. S. S. White Dental Mfg. Co., 274 U.S. 398, 47 S.Ct. 598, 71 L.Ed. 1120, and New York Life Ins. Co. v. Edwards, 271 U.S. 109, 46 S.Ct. 436, 70 L.Ed. 859, and that since no identifiable event prior to 1932 has been established proving that the transaction was closed or that the taxpayer's investment was lost, the decision of the Board ought to be reversed.

The worthlessness of a stock as of a particular year is a question of fact, requiring practical consideration of all the facts and circumstances, and each case must stand on its own facts, St. Louis Union Trust Co. v. United States, 8 Cir., 82 F.2d 61, 66; Forbes v. Commissioner, 4 Cir., 62 F.2d 571; and Industrial Rayon Corp. v. Commissioner, 6 Cir., 94 F.2d 383. We, of course, are bound by the rule that where there is substantial evidence to support the Board's finding upon a question of fact, its decision of such a question is conclusive upon review, and the conclusions must be accepted. Helvering v. Rankin, 295 U.S. 123, 55 S.Ct. 732, 79 L.Ed. 1343; Palmer v. Commissioner, 302 U.S. 63, 58 S.Ct. 67, 82 L.Ed. 50; Helvering v. National Grocery Co., 304 U.S. 282, 294, 58 S.Ct. 932, 82 L.Ed. 1346; Sacks v. Commissioner, 4 Cir., 66 F.2d 308; and Jones v. Commissioner, 9 Cir., 103 F.2d 681, 684.

No hard and fast rule or definite legal test has been provided by Congress for the determination of the year in which the loss is to be deducted, but the Supreme Court in interpreting the Act stated that "Generally speaking, the income tax law is concerned only with realized losses * * *. Exception is made, however, in the case of losses which are so reasonably certain

in fact and ascertainable in amount as to justify their deduction, in certain circumstances, before they are absolutely realized. * * * The general requirement that losses be deducted in the year in which they are sustained calls for a practical, not a legal, test." Lucas v. American Code Co., 280 U.S. 445, 449, 50 S.Ct. 202, 203, 74 L.Ed. 538, 67 A.L.R. 1010.

We approve as applicable in our case what has been said in Dresser v. United States, Ct.Cl., 55 F.2d 499, certiorari denied 287 U.S. 635, 53 S.Ct. 85, 77 L.Ed. 550. In that case the court said, 55 F.2d at page 512: "Losses are sustained within the meaning of the taxing act when the events definitely occur which give rise thereto. * * * The statute allows the deduction of a loss when it has been sustained, and we think it is the clear purpose of the act to allow the deduction in the year in which it may appear that the taxpayer has received from the property all that it is possible for him to receive."

It is clear from this record that the loss was reasonably certain in fact on December 31, 1931, and that the petitioner would never receive anything for the stock. On December 31, 1931, the book value of the assets of the company was $144,896, market value of $42,000; the outstanding preferred stock liability was $609,000. True, as was said in DeLoss v. Commissioner, 2 Cir., 28 F.2d 803, 804, "it was not possible to say beyond imaginable peradventure that these assets might not be snatched at by some impressionable buyer, who did not share their owners' estimate of their value. But any such expectation was plainly illusory * * *. So far as human foresight could go, the shares were worthless * * *."

Counsel for petitioner also earnestly presses the argument that "the Board evolved a theory, that the test of worthlessness of a stock is whether or not it retains any potential value." We have given this contention considerable thought, and have reached the conclusion that the Board merely applied the principles enunciated in the cases cited earlier in this opinion. Under such a state of the record we would not be justified in reversing the Board. Helvering v. Rankin, 295 U.S. 133, 55 S. Ct. 732, 79 L.Ed. 1343, supra.

It is to be noted that the Commissioner in the exercise of his discretion determined that the stock became worthless in 1931. His ruling has the support of a presumption of correctness, and the petitioner has the burden of proving it to be wrong. Welch v. Helvering, 290 U.S. 111, 115, 54 S.Ct. 8, 78 L.Ed. 212. The Board was of the opinion that the petitioner failed to meet this burden. Here the record clearly shows that the Board considered all the evidence before it and found that the shares of stock were worthless and had no liquidating value on December 31, 1931. This finding is supported by substantial evidence. The decision is affirmed.

Affirmed.