## FRIEND et ux. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7286.

Circuit Court of Appeals, Seventh Circuit.

May 5, 1941.

Harry N. Wyatt and Richard H. Levin, both of Chicago, Ill., for petitioners.

Joseph M. Jones, Sp. Asst. to Atty. Gen., and Samuel O. Clark, Jr., Asst. Atty. Gen., for respondent.

Before MAJOR, TREANOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

This is a petition for the review of a decision of the Board of Tax Appeals approving the action of the respondent, who found that petitioners were liable for a deficiency income tax for the year 1932. The petitioners are husband and wife and in their joint income tax return they claimed that certain common stock became worthless in 1932. The only error assigned is the ruling of the Board that the petitioners had not proved that they sustained a deductible loss in 1932.

On April 2, 1927 Ruth G. Friend purchased 187 shares of the stock of Sheridan Grace Corporation for $18,750. This corporation owned and operated a residential building in Chicago, Illinois, erected in 1928. The land and building cost approximately $3,000,000. The capitalization of the corporation consisted of $500,000 par value of common stock, $2,150,000 first and $350,000 second mortgage bonds. The building was unable to earn sufficient to pay the amortization on the first mortgage, a foreclosure proceeding was commenced, a decree entered on July 9, 1931 finding that there was due to the bondholders $2,557,791.31, the premises were sold on October 8, 1931 for $1,250,000 and a deficiency decree for $1,357,891.71 was entered against the corporation. After the sale the only assets of the corporation consisted of some personal property which was sold for $2,500, prepaid insurance of $5,000 and the equity of redemption expiring October 8, 1932.

By § 23(e) of the Revenue Act of 1932, c. 209, 47 Stat. 169, 179, 26 U.S.C.A. Int.Rev.Code, § 23(e), deductions are allowed individuals for losses sustained during the taxable year. Since it thus appears that the right to claim a deduction is a statutory privilege, the burden necessarily rests upon the taxpayer to prove his right to the deduction. In order therefore to reverse the finding of the Board in the instant case, we must be able to say that the finding is not supported by substantial evidence. Morton v. Commissioner, 7 Cir., 112 F.2d 320 and cases cited therein. See also Keeney v. Commissioner, 2 Cir., 116 F.2d 401.

Now, in our case, counsel for petitioners insists that the Board failed to give effect to the value attributable to the stock by reason of the existence of the right of redemption. It will be enough to say that the worthlessness of a share of stock as of a particular year is a question of fact, requiring a practical consideration of all the facts and circumstances, Morton case, supra, and that proof of worthlessness of stock of an insolvent corporation is not dependent upon the completion of liquidation proceedings where the facts clearly indicate a total loss occurred prior thereto. Industrial Rayon Corp. v. Commissioner, 6 Cir., 94 F.2d 383 and Hobby v. Commissioner, 5 Cir., 97 F.2d 731. To be sure, foreclosure and sale of the property did not of itself necessarily establish the worthlessness of the stock, but it is a factor to be considered along with the other facts and circumstances in determining whether the stock was worthless in 1931.

The record in this case discloses that the Sheridan Grace Corporation was organized for the specific purpose of building and operating an apartment building which was completed too late to obtain satisfactory results for the rental season of 1929; that during the first 14 months of operation the gross income was about $200 000, only slightly in excess of the interest charges on the first mortgage bonds; that only two payments of interest were made on the first mortgage bonds, no payment of second mortgage bonds being made, and that at the time of the foreclosure sale there were also other judgments and creditor's claims in excess of $50,000.

The Board, after weighing and considering all the evidence presented, found that the evidence did not show that the corporation's equity of redemption had any fair value at any time, or that the shares of stock could have been sold for anything after October 8, 1931 and found as a fact that the corporation was hopelessly insolvent in 1931 and that the loss was sustained in that year.

Under these circumstances we cannot say that there is not substantial evidence to support the Board's finding that the stock of the Sheridan Grace Corporation became worthless in 1931. The decision of the Board will be affirmed.

TREANOR, Circuit Judge, through absence because of illness, has not read this opinion, but concurred in the result.