## SUPERIOR COAL CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8600.

Circuit Court of Appeals, Seventh Circuit.

Dec. 7, 1944.

598

Nelson J. Wilcox and Nelson Trottman, both of Chicago, Ill. (W. T. Faricy, of Chicago, Ill., of counsel), for petitioner.

Samuel O. Clark, Jr., Sewall Key, I. Henry Kutz, A. F. Prescott, and Harold C. Wilkenfeld, Asst. Attys. Gen., and J. P. Wenchel and Rollin H. Transue, Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

MAJOR, Circuit Judge.

The Tax Court upheld respondent's action in denying to petitioner a claimed deduction for alleged loss sustained during the tax year of 1939. From this decision of the Tax Court, petitioner seeks a review.

The question for decision is whether the Tax Court correctly determined that certain coal rights of petitioner had become worthless prior to the tax year 1939, in which the loss on such rights was claimed.

The parties differ as to the manner in which this question is to be determined. Petitioner contends that the issue is whether the Tax Court erred in applying a wholly objective test instead of a subjective one in determining the question of value. Respondent contends that the issue is whether there is substantial evidence to support the Tax Court's finding of fact as to worthlessness prior to the tax year in question.

The facts are substantially as follows: The petitioner is a wholly owned subsidiary of the Chicago and North Western Railway Company. Since its inception, petitioner engaged in coal mining, selling virtually its entire output to the railway company. The coal lands in question are located in Iowa, where two mines were operated until 1927. Since that time, no coal has been removed from the property. In 1929, petitioner sold all the removable equipment from the mines, which was removed in 1931. The parent company, the Chicago and North Western Railway Company, removed in 1937 the only branch railroad line serving the mines. The petitioner never intended after 1931, the date of removal of the equipment, to operate the mines again.

Petitioner paid local taxes upon the property until the early fall of 1939. Petitioner's president made efforts to sell the coal rights involved until early 1939, and then recommended abandonment of the properties to the parent corporation.

Under this status, petitioner claimed a deduction of $104,893.62 (now stipulated to be correctly stated as $71,800.34), upon the loss sustained by reason of abandonment of its Iowa coal rights in the tax year 1939. The Tax Court found that the properties had become worthless prior to that year.

Petitioner's counsel frankly states that his petition for review "is taken in reliance upon the precedent of the Smith case." Smith v. Helvering, 141 F.2d 529. The rationale of the court's holding therein is stated thus at page 531:

"The test proposed by the Board in the present case is a highly objective one which disregards what the taxpayer may think of his investment, how much of an optimist he may be, or what he may consider to be the possibilities of future successful operation, or of eventual recoupment. An examination of the cases persuades us that the subjective appraisal of the taxpayer is of much greater importance."

Upon the theory thus stated, the court reversed the finding of the Tax Court that the property became worthless prior to the year claimed.

While we are entirely sympathetic to petitioner's predicament (see concurring opinion of Judge Major in Hall v. Commissioner of Internal Revenue, 128 F.2d 180, 182), we feel that the holding of the Smith case, supra, is in conflict with Dobson v. Commissioner of Internal Revenue, 320 U.S. 489, 64 S.Ct. 239, and several cases

of this circuit. Friend v. Commissioner of Internal Revenue, 119 F.2d 969; Dunbar v. Commissioner of Internal Revenue, 119 F.2d 367; Hall v. Commissioner of Internal Revenue, 128 F.2d 180; Commissioner of Internal Revenue v. McCarthy, 129 F.2d 84; Coyle v. Commissioner of Internal Revenue, 142 F.2d 580. It is true, as petitioner suggests, that in not one of the cases in which we held the issue herein involved was one of fact was the contention raised as to whether the proper legal test to be applied was a subjective or an objective one. However, we are not impressed with the reasoning of the Smith case. We think it is but another way of saying that the reviewing court disagreed with the ultimate finding of the Tax Court.

Petitioner's appraisal is but one of the factors to be considered in the ultimate determination of value or the lack thereof in a given tax year. To hold this basis as controlling when there are other factors relevant to the disputed question of value would amount to the substitution of our judgment for that of the Tax Court. This we cannot do. Our function is not to weigh the evidence.

We think that the Tax Court's finding of no value prior to 1939 is one of fact. It follows that its determination must be upheld if substantially supported. While the matter is not free from doubt, we are of the view that the finding is predicated upon the requisite support.

The decision is, therefore, affirmed.