EMMER BROTHERS COMPANY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Emmer Bros. Co. v. Commissioner
Docket No. 45761-85
United States Tax Court
T.C. Memo 1989-338; 1989 Tax Ct. Memo LEXIS 334; 57 T.C.M. (CCH) 952; T.C.M. (RIA) 89338; July 17, 1989
Bernie H. Beaver, for the petitioner. John C. Schmittdiel, for the respondent. WILLIAMS
MEMORANDUM FINDINGS OF FACT AND OPINION WILLIAMS, Judge: The Commissioner determined deficiencies in petitioner's 1975 and 1978 Federal income tax in the amounts of $ 4,287 and $ 17,535, respectively. After concessions, the sole issue remaining is whether the stock of Billing's Block, Inc. ("BBI"), became worthless during 1981 entitling petitioner to a $ 5,000 capital loss carryback to 1978. FINDINGS OF FACT Some of the facts in this case have been stipulated and are so found. Petitioner had its principal place of business in Excelsior, Minnesota when *335 its petition was filed. Petitioner was formed under the laws of Minnesota in 1922. Petitioner's taxable year ends December 31. In 1981, James J. Emmer, the executive vice president of petitioner, held approximately 42 percent of the voting common stock of petitioner, and Arnold A. Schaefer, also an officer of petitioner, held approximately 25 percent of the voting stock of petitioner. Two other members of the Emmer family controlled the remaining voting interest in petitioner. BBI, a corporation formed under the laws of Montana on August 10, 1977, owned and operated a concrete block manufacturing plant in Billings, Montana. BBI's taxable year ended July 31. In 1978, James J. Emmer and Arnold A. Schaefer owned 60 and 39.5 percent, respectively, of BBI's stock. From 1979 to 1985 BBI sustained losses as follows: Losses
1979
$ 440,310
1980
581,624
1981
649,470
1982
355,614
1983
64,152
1984
48,167
1985
15,858
During the years 1979 to 1981, petitioner advanced funds to BBI in an amount totaling approximately $ 1,368,491. BBI never made any significant repayment of these advances, and petitioner ceased accruing interest on the notes from BBI as *336 of December 31, 1979. On July 21, 1980, petitioner acquired 50 shares of common stock of BBI for $ 5,000. In 1981 BBI offered for sale and sold some of its operating assets including its block making machine and related equipment. BBI, however, continued to own land and buildings and continued to service the related mortgage through June 1982. The buildings were sold during BBI's 1985 taxable year. Through its 1984 taxable year, BBI continued to sell minor portions of its inventory that was manufactured prior to 1981. On October 1, 1981, Arnold A. Schaefer and James J. Emmer contributed 300 shares of class A common stock in petitioner and 925 shares of class B common stock in petitioner to the capital of BBI. The board of directors of BBI accepted the stock of petitioner as an additional capital contribution and stated in the October 1, 1981, minutes as follows: Contribution to Capital
WHEREAS, the corporation has incurred substantial operating losses in recent years; and WHEREAS, such leases [sic] have adversely affected the corporation's capital and have made it difficult to borrow additional operating funds; and WHEREAS, the shareholders of the corporation *337 have agreed to contribute certain stock of Emmer Brothers Company, a Minnesota corporation, which they own to the corporation in order to strengthen its overall financial position; and WHEREAS, the Board of Directors has agreed that it is in the corporation's best interests to accept such capital contributions; NOW, THEREFORE, RESOLVED, that the officers of the corporation be and they hereby are directed to accept as additional capital for the corporation the following shares of common capital stock of Emmer Brothers Company, a Minnesota corporation, from the designated shareholders of the corporation: Class A Common
Class B Common
Arnold A. Schaefer
113
377
James J. Emmer
187
548
BBI pledged the contributed stock as collateral for the debt it owed to petitioner. The stock had a value of $ 741,125 when it was contributed. On May 25, 1982, petitioner's creditors filed an involuntary petition pursuant to Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Minnesota. Petitioner elected to convert the case to a reorganization pursuant to Chapter 11 of the Bankruptcy Code. In the debtor's statement of financial *338 affairs filed by petitioner in 1982, petitioner stated under penalty of perjury that the value of its 50 shares of stock in BBI was $ 500. On its 1981 Federal income tax return, petitioner claimed a $ 5,000 long-term capital loss due to the worthlessness of its stock in BBI. Petitioner filed a tentative refund claim carrying the capital loss back to 1978. Respondent disallowed petitioner's capital loss contending that the shares had not become worthless in 1981. OPINION The issue we must decide is whether petitioner's stock in BBI became worthless during 1981 entitling petitioner to a capital loss carryback pursuant to section 165(g). Stock in a corporation is a "security" within the meaning of section 165(g). Section 165(g)(2)(A). A deduction pursuant to section 165(g) is allowed only for securities that have become totally worthless. No deduction is permitted for a decline in value of stock short of worthlessness. Section 1.165-4(a), Income Tax Regs.
Whether *339 stock has become worthless in a particular year is a question of fact which must be proved by the taxpayer. Boehm v. Commissioner, 326 U.S. 287, 294 (1945); Young v. Commissioner, 123 F.2d 597 (2d Cir. 1941). To establish that it is entitled to a capital loss in 1981 for the worthlessness of its investment in BBI, petitioner must establish (1) its basis in the stock, (2) that the stock had some value at the beginning of 1981, and (3) that the stock in BBI had no value at the end of 1981. Zarnow v. Commissioner, 48 T.C. 213, 217 (1967); Boehm v. Commissioner, supra at 294; Morton v. Commissioner, 38 B.T.A. 1270, 1278-1280 (1938), affd. 112 F.2d 320 (7th Cir. 1940). Based on the record before us, we find that petitioner's stock in BBI did not become worthless in 1981. We believe that BBI had greater value at the end of 1981 than at the beginning of that year. In October 1981, Arnold A. Schaefer and James J. Emmer, two experienced businessmen and stockholders of petitioner, contributed $ 741,125 worth of petitioner's stock to BBI placing BBI in better financial condition *340 than it was at the beginning of 1981. As stated in the minutes of BBI's board of directors on October 1, 1981, and confirmed by Mr. Emmer's testimony, the contribution of stock was intended to strengthen petitioner's and BBI's overall financial position. This was, of course, the effect of such a valuable contribution, improving both BBI's balance sheet and collectibility of petitioner's loans to BBI. This contribution strongly suggests that both the stockholders of BBI and petitioner did not regard BBI stock as worthless despite BBI's having ceased manufacturing activity. See Zarnow v. Commissioner, supra at 213. The contribution to BBI's capital by BBI's principal shareholders evidences a "reasonable hope and expectation that the assets will exceed the liabilities of the corporation in the future." Morton v. Commissioner, supra at 1278. Petitioner's financial statement filed with the United States Bankruptcy Court for the District of Minnesota in 1982 states that petitioner's interest in BBI had a value of $ 500 (equal to 10 percent of petitioner's basis in the stock). While this statement is not conclusively probative of the value *341 of BBI stock on December 31, 1981, we believe this evidence together with the significant contribution to capital in October 1981 strongly supports the inference that as of December 31, 1981, petitioner's BBI stock was not worthless. Consequently, we hold that petitioner is not entitled to carryback to 1978 a long-term capital loss deduction for the worthlessness of its BBI stock in 1981. Decision will be entered pursuant to Rule 155.